UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY BAGNERIS (#152277)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                        NO. 07-0494-B-M2

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRY BAGNERIS (#152277)**                                CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**                                    NO. 07-0494-B-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court in connection with the parties' cross-motions for Summary Judgment, rec.doc.nos. 40 and 44.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Dr. Mai Tran, complaining that the defendants violated his constitutional rights, commencing in October, 2006, through enforcement of a requirement that he be placed in behind-the-back restraints whenever he was out of his cell, notwithstanding a medical order which recommended otherwise. He further asserted that the behind-the-back restraint policy at LSP was unconstitutional, that it had not been properly followed, and that its imposition constituted deliberate indifference to his serious medical needs in light of his medical condition. Pursuant to earlier Report and Recommendation, approved by the District Judge on March 18, 2008, <u>see</u> rec.doc.nos. 29 and 31, all of the plaintiff's claims have been dismissed with the exception of his claim that defendant Mai Tran was deliberately indifferent to his serious medical needs by failing to honor the orthopedist's recommendation relative to restraints.

The plaintiff now moves for summary judgment relying upon the pleadings and excerpts from his medical records.

The remaining defendant moves for summary judgement relying upon the

pleadings, a Statement of Undisputed Facts, LSP Directive No. 13.060 (relative to "Assessment of Inmate[s] Returning From Off-Site Health Care Facilities"), LSP Directive No. 13.026 (relative to "Modifications to Routine Restraint Procedures"), LSP Directive No. 09.007/B (relative to "Use of Restraints"), certified copies of the plaintiff's pertinent medical records, the plaintiff's master prison record, and the affidavits of Dr. Patrick Ellender and defendant Dr. Mai Tran.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff asserts that, since November, 2004, he has complained to LSP officials that the use of behind-the-back restraints has caused him pain and discomfort. Finally, on September 18, 2006, he was seen by an orthopedic specialist at LSP who allegedly recommended that the plaintiff be placed in side restraints and/or flexcuffs for one year. Notwithstanding, when the plaintiff thereafter saw Dr. Tran on October 4, 2006, and asked her about this duty status, "it was immediately taken away." The plaintiff was again examined by Dr. Tran on February 20, 2007, and again saw the orthopedic specialist on March 19, 2007. According to the plaintiff, he was informed by the orthopedic specialist that, per orders of the prison medical staff, the orthopedist was no longer authorized to issue duty statuses for prison inmates. Finally, on June 20, 2007, the plaintiff was again seen by Dr. Tran who informed the plaintiff that she believed that there was nothing wrong with him. According to the plaintiff, however, he suffers with "deteriorating arthritis and lower back dis'structure", and the behind-

the-back restraints have caused "a partially loose joint in petitioner's left shoulder and swelling, cuts and bruises to the wrist."

Notwithstanding the plaintiff's contention that Dr. Mai Tran has exhibited deliberate indifference to his serious medical needs, the plaintiff has provided little more than uncorroborated assertions and selected excerpts from his medical records which simply substantiate the undisputed fact that he suffers with back and shoulder difficulties (degenerative disc disease and AC joint arthritis). He further provides an unsubstantiated assertion that the manner in which his restraints have been applied has been unreasonably harmful and has caused him an aggravation of this condition. In contrast, the defendants have provided the sworn affidavits of defendant Mai Tran and the LSP chief orthopedic specialist, Dr. Patrick Ellender, who acknowledge that the plaintiff suffers with back and shoulder limitations and attest that, in September 18, 2006, upon the recommendation of an orthopedist, the plaintiff was issued a duty status for plastic cuffs for one year when he complained that behind-the-back metal cuffs were causing him pain. The duty status form was signed by Dr. Tran and reflects that, in accordance with LSP procedure, copies of the form were to be forwarded to "security" and to the "health information management department" to implement the duty status. As attested to by Dr. Tran, other than forwarding this duty status form to appropriate prison officials, she was not in a position to enforce or implement the duty status restriction. The plaintiff's medical records further reflect that he was next seen by Dr. Tran on October 4, 2006, at which time he requested a copy of the referenced duty status, apparently so that he could exhibit it to security officers when necessary. Contrary to the plaintiff's assertion that Dr. Tran took his duty status away, the medical record of this visit contains both an order by Dr. Tran to "please send [patient] a copy of his modified restraint order" and a notation indicating that this instruction was complied with

by infirmary staff.  The plaintiff next saw Dr. Tran on February 7, 2007, and the medical record of this visit reflects that the plaintiff complained at that time of hearing crackling noises in his chest but made no complaint about his shoulder or about his hands being painfully confined.  According to Dr. Tran's note of that date, although the plaintiff requested "flexicuffs", she found no medical need for him to be restrained in side restraints and/or flex cuffs.  The plaintiff was thereafter seen on March 19, 2007, for a follow-up with the orthopedic clinic, at which time he was discharged from the orthopedic clinic.  Based upon Dr. Tran's conclusion that there was no further medical need for the modified restraints, she officially cancelled the plaintiff's duty status on April 26, 2007.  According to defendant Tran, she continued to treat the plaintiff, seeing him on June 20, 2007 and February 15, 2008, on which dates he again requested modified restraints.  In response, she again referred him to the orthopedic clinic, which he attended on March 3, 2008.  According to the record of that orthopedic visit, there is no mention of any need for modified restraints, and it is noted that the plaintiff is doing "better".  According to the affidavit of Dr. Ellender, even if the plaintiff had not been provided with the modified restraints as directed, such failure would not and could not have caused any aggravation of his condition.  The Court further notes, as an aside, that the plaintiff's restraints were only to have been applied for relatively brief periods of time, considering that they were only to be worn when the plaintiff was outside of his extended lockdown cell, to which cell he was consigned for 23 hours per day except for medical call-outs or other reasons.  The defendant contends that, based on these fact, together with her sworn assertion that she never intended to cause the plaintiff harm, there is insufficient evidence in the record to suggest that, at any time, she was aware of a serious medical need faced by the plaintiff which she ignored or disregarded.

The Eighth Amendment to the United States Constitution prohibits the wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Further, to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, supra; Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). However, whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, unsuccessful medical treatment or even medical malpractice give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, supra, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Based upon the record in this case, it does not appear that the plaintiff has presented evidence of sufficient caliber and weight to defeat the defendant's motion for summary judgment. The undisputed medical evidence reflects that the plaintiff has been seen and treated by both physicians at LSP and by orthopedic consultants, that at some point modified restraints were thought to be necessary and were prescribed by Dr. Tran, but that the need for such restraints was believed to have abated. To the extent security officers did not comply with the modified restraint order, this was not within the power of Dr. Tran to ascertain or implement. Moreover, it is the medical opinion of the chief orthopedist at LSP that, even if the plaintiff was not provided with the modified restraints, such failure would not have aggravated his condition, particularly in light of the brief intervals during which the plaintiff was allowed out of his extended lockdown cell. The plaintiff

has offered no more than an unsubstantiated belief that the absence of modified restraints has caused him harm or has aggravated his medical condition. Without more, the Court cannot conclude that the defendant has been deliberately indifferent to the plaintiff's serious medical needs, and the defendant therefore, is entitled to summary judgment in this proceeding.

## RECOMMENDATION

It is recommended that the plaintiff's motion for summary judgment, rec.doc.no. 44, be denied, that the defendant's motion for partial summary judgment, rec.doc.no. 40, be granted, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, September 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**